## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DESIRAI BLEDSOE,**

                    **Plaintiff,**

**v.**

**STAR BEAUTY INC., et al.,**

                    **Defendants.**

**Case No. 25-2703-DDC-RES**

## MEMORANDUM AND ORDER

Plaintiff Desirai Bledsoe has filed a Motion to Dismiss (Doc. 22), seeking dismissal of this case under Fed. R. Civ. P. 41(a)(2). Her filing advises that the parties have settled and asks the court to dismiss this action with prejudice. As the court explains, below, it largely grants plaintiff's motion.[1]

"Rule 41(a)(2) requires a court to review a motion by a plaintiff to dismiss a complaint if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal." *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002). This rule seeks "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quotation cleaned up). The Tenth Circuit has instructed courts considering a motion to dismiss like this one that "the important aspect is whether the opposing party will

---

[1] When, as here, parties settle their dispute, a more efficient procedural option for everyone—the parties and the court—is for all parties to file "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). That's so because, unlike a motion under Rule 41(a)(2), a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is "self-executing," requiring no court order. *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011). The parties here have opted for the less direct route.

suffer prejudice in the light of the valid interests of the parties." *Id.* (quotation cleaned up). To evaluate the prejudice to an opposing party, district courts consider the following factors: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (quotation cleaned up).

Here, defendant hasn't responded to plaintiff's motion and the time to do so has passed. *See* D. Kan. Rule 6.1(d)(1) (providing parties 21 days to respond to a motion to dismiss). The court thus treats the motion as uncontested. *See* D. Kan. Rule 7.1(c) (permitting the court to decide the motion as uncontested where "a response is not filed by the applicable deadline"). Regardless, it's difficult to see how dismissing this case with prejudice could harm defendants' interests. After all, plaintiff's filing suggests that she's dismissing the case in exchange for defendants settling her claims. *See* Doc. 22 at 1. The court thus grants plaintiff's Motion to Dismiss (Doc. 22) to the extent it asks the court to dismiss this action with prejudice.

Plaintiff's motion also asks the court to order "that each party shall bear its own attorneys' fees and costs unless otherwise agreed[.]" Doc. 22 at 2. Plaintiff doesn't cite any authority supporting this request. The court thus declines to act on this perfunctory request for relief. The parties are free to contract—without court involvement—to allocate costs and fees. But absent any authority or argument, the court won't wade into this issue and denies the portion of plaintiff's motion asking for costs-and-fees relief.

The court directs the Clerk of Court to enter Judgment consistent with this Order and close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Desirai Bledsoe's Motion to Dismiss (Doc. 22) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** the Clerk of Court enter Judgment consistent with this Order and close this case.

**IT IS SO ORDERED.**

**Dated this 29th day of July, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**